Yongmoon Kim
Evan Lehrer
KIM LAW FIRM LLC
411 Hackensack Avenue, Suite 701
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
*Attorneys for Plaintiff, Todd M. North*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| TODD M. NORTH,<br>*on behalf of himself and those similarly situated,*<br><br>Plaintiff,<br><br>vs.<br><br>ASSET RECOVERY SOLUTIONS, LLC;<br>STEVEN Z. FISHBEIN;<br>TONY ESHAYA;<br>KIRSTEN BERNHEIM; and<br>JOHN DOES 1 to 10,<br><br>Defendants. | Civil Action No.<br><br><br><br><br>**CLASS ACTION COMPLAINT** |

Plaintiff, Todd M. North, by way of this Class Action Complaint against Defendants,

Asset Recovery Solutions, LLC, Steven Z. Fishbein, Tony Eshaya, Kirsten Bernheim, and John

Does 1 to 10 states:

### I.    NATURE OF THE ACTION

1.    Plaintiff brings this action for damages against Defendants arising from

Defendants' violation of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692–

1692p.

### II.    JURISDICTION AND VENUE

2.    This Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1331

and 1337.

3.     Venue in this action properly lies in the District of New Jersey as Defendants regularly do business in this district.

### III.     PARTIES

4.     Plaintiff, Todd M. North ("Plaintiff" or "North"), is a natural person residing in Lodi, in Bergen County.

5.     Defendant, Asset Recovery Solutions, LLC ("ARS"), is a collection agency with its principal place of address located at 2200 East Devon Avenue, Suite 200, Des Plaines, Illinois 60018.

6.     Defendant, Steven Z. Fishbein ("Fishbein"), is chief executive officer and a general partner of ARS.

7.     Defendant, Tony Eshaya ("Eshaya"), is a general partner of ARS.

8.     Defendant, Kirsten Bernheim ("Bernheim"), is a member of ARS.

9.      Defendants John Does 1 to 10 are fictitious names of natural persons and/or business entities all of whom reside or are located within the United States whose true names are presently unknown to Plaintiff. Plaintiff will amend this Complaint with those Defendants' true names when they become known.

10.     In this pleading, "Defendants" in the plural refers to all Defendants.

### IV.     FACTS

**A. Background**

11.     Defendants are not in the business of extending credit, selling goods or services to consumers.

12.     Defendants regularly collect and attempt to collect defaulted consumer debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

13.     The principal purpose of Defendants is the collection of debts.

14.     Defendants use the mail, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting past-due or defaulted debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

15.     Defendants are regularly engaged in the debt collection business.

16.     Furthermore, at all relevant times hereto, Fishbein, as a chief executive officer and/or as a general partner of ARS, personally implemented, and with knowledges such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of ARS complained of herein.

17.     Furthermore, at all relevant times hereto, Eshaya, as a general partner of ARS, personally implemented, and with knowledges such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of ARS complained of herein.

18.     Furthermore, at all relevant times hereto, Bernheim, as a general member of ARS, personally implemented, and with knowledges such practices were contrary to law, engaged in, acted consistent with, managed, and oversaw all of the illegal policies and procedures used by himself and other employees of ARS complained of herein.

19.     At all times relevant hereto, John Does 1 to 10 personally created, instituted and, with knowledge that such practices were contrary to law, acted consistent with, implemented,

and oversaw policies and procedures used by the employees of Defendants that are the subject of this Complaint. Those Defendants personally control the illegal acts, policies, and practices utilized by Defendants and, therefore, are personally liable for the wrongdoing alleged in this Complaint.

20.     Defendants asserted Plaintiff incurred or owed a certain financial obligation originating and which arose from one or more transaction which were primarily for Plaintiff's personal, family or household purposes. ("Debt" or "Account").

21.     The Debt arose from one or more transactions which were primarily for the Plaintiff's personal, family, or household purposes.

22.     The debts alleged to be owed by Plaintiff and those similarly situated were incurred for personal, family or household purposes.

23.     Defendants contend that the Account was past-due and in default.

24.     Sometime after default, the creditor of the Account either directly or through intermediate transactions assigned, placed, transferred or sold the Debt to Defendants for collection.

25.     The Account was past-due and in default when it was placed with or assigned to Defendants for collection.

26.     At all times relevant hereto, Defendants acted in attempts to collect the Debt.

27.     In an attempt to collect the Debt, Defendants mailed a collection letter to Plaintiff dated May 9, 2018 (the "Letter").

28.     A true copy of the Letter sent by Defendants, but with redactions, is attached as *Exhibit A*.

**B. Validation Notice is Overshadowed and Contradicted**

29.    Upon information and belief, the Letter is the initial written communication from Defendants to Plaintiff concerning the Account.

30.    Plaintiff received and reviewed the Letter.

31.    The May 9, 2018 Letter provided only one offer: "Our office will allow you to resolve your account for $297.42 in 1 payment(s) of $297.42. Your first payment is due on June 8 2018. We are not obligated to renew this offer."

32.    Section 1692g(a) of the FDCPA requires the debt collector to:

> **(a)** Notice of debt; contents. Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing--
>
> > **(1)** the amount of the debt;
> > **(2)** the name of the creditor to whom the debt is owed;
> > **(3)** a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> > **(4)** a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> > **(5)** a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

33.    The demand for the payment was due within thirty days from the date of the letter.

34.     The FDCPA provides the consumer thirty days *from receipt of the notice* to dispute the debt.

35.     Plaintiff did not receive the letter as of the date provided on the letter.

36.     In fact, the stamp on the envelope enclosing the Letter bears the date May 11, 2018.

37.     Therefore, by demanding a payment from the Plaintiff less than thirty days from receipt of the notice, Defendants overshadowed and contradicted the validation notice.

38.     By demanding payment from the Plaintiff less than thirty days from the receipt of the Letter, and by threatening that "[Defendants] are not obligated to renew this offer[,]" Defendants applied undue pressure to Plaintiff and the least sophisticated consumer to choose between disputing the debt or accepting the offer and pay. Therefore, Defendants overshadowed and contradicted the validation notice

39.     Defendants' demand for payment would induce the least sophisticated consumer to overlook their statutory right to dispute the debt within thirty days.

**C.  Validation Notice Fails to Instruct How to Dispute the Debt**

40.     The Letter provided "Asset Recovery Solutions, LLC Contacts."

41.     The Letter provided under Contacts that "Find us Online at: www.assetrecoverysolutions.com"

42.     A phone number is provided for consumers on ARS' website. A true copy of the ARS' webpage (retrieved on May 9, 2019) that provides a contact number for consumers is provided as ***Exhibit B.***

43.     The Letter provided "Hours of Operation" for ARS.

44.     The Letter provided in part, "[i]f you are unable to accept the offer(s) above, please contact our office for a partial payment plan that you can afford."

45.     For a dispute to be effective, the dispute must be in writing. *See Graziano v. Harrison,* 950 F.2d 107, 112 (3d Cir. 1991); *Caprio v. Healthcare Revenue Recovery Group,* 709 F.3d 142 (3d Cir. 2013).

46.     The Letter fails to instruct the least sophisticated consumer on how to dispute the debt, and that the dispute *must* be in writing to be effective. The use of the word *if* does not clearly convey this to the least sophisticated consumer.

47.     Therefore, the collection letters deprived Plaintiff and other New Jersey consumers truthful, non-misleading, non-overshadowing, non-contracting information on their statutory rights under the FDCPA.

48.     Therefore, the collection letters deprived Plaintiff and other New Jersey consumers of truthful, non-misleading, non-deceptive information in connection with Defendants' attempt to collect a debt.

49.     Defendants engaged in unlawful practices in violation of the FDCPA including but not limited to 15 U.S.C. §§ 1692e, 1692g, 1692g(a)(3)-(5), and 1692e(10).

50.     Defendants used the same procedures that they employed in sending the collection letters to Plaintiff when sending the same and/or similar letters to numerous other New Jersey consumers.

## V.     CLASS ACTION ALLEGATIONS

51.     It is the Defendants' policy and practice to mail written collection communications, in the form exemplified in ***Exhibit A***, in an attempt to collect defaulted consumer debts.

52.     Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

53.     Subject to discovery and further investigation which may cause Plaintiff to modify, narrow or expand the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of Class initially defined as follows:

> **All natural persons with addresses in the State of New Jersey whom, beginning May 9, 2018, through and including the final resolution of this case, Defendants sent a written communication in the same or similar form as Exhibit A.**

54.     Based on discovery and further investigation (including, but not limited to, Defendants' disclosure of class size and net worth), Plaintiff may, in addition to moving for class certification using modified definitions of the class, class claims, and the class period, and/or seek class certification only as to particular issues as permitted under Fed. R. Civ. P. 23(c)(4). Such modified definitions may be more expansive to include consumers excluded from the foregoing definitions but who were mailed a letter using substantially the same form or template as was used to create the Letter.

55.     Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

56.     The class for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

57.     There are questions of law and fact common to the members of the class that predominate over questions affecting only individuals, including but not limited to:

      a.     Whether Defendants are debt collectors under the FDCPA;

      b.     Whether Defendants violated the FDCPA, including but not limited to 15 U.S.C. §§ 1692e, 1692g, 1692g(a)(3)-(5), and 1692e(10); and

      c.      Whether Plaintiff and the class are entitled to damages.

58.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the class and will foster economies of time, effort and expense.

59.    The claims of the Plaintiff are typical of the claims of the members of the class.

60.    The questions of law and/or fact common to the members of the class predominate over any questions affecting only individual members.

61.    Plaintiff does not have interests antagonistic to those of the class.

62.    The class, of which Plaintiff is a member, is readily identifiable.

63.    Plaintiff will fairly and adequately protect the interests of the class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling class actions, other complex litigation, and claims of the type asserted in this action.

64.    The prosecution of separate actions by individual members of the class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendants in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitive litigation.

65.     Plaintiff does not anticipate any difficulty in the management of this litigation.

## VI.    FIRST COUNT: VIOLATIONS OF THE FDCPA

66.     The allegations contained in the preceding paragraphs are incorporated herein and are reasserted as if repeated at length.

67.     Defendants are  "debt collectors" as defined by 15 U.S.C. § 1692a(6).

68.     Defendants are not "creditors" as defined by 15 U.S.C. § 1692a(4).

69.     Each of the John Does 1 to 10 is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

70.     The Debt is a "debt" as defined by 15 U.S.C. § 1692a(5).

71.     Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

72.     The Letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

73.     Defendants' mailing of the Letter to Plaintiff in an attempt to collect the Debt violated the Fair Debt Collection Practices Act (including, but not limited to, 15 U.S.C. §§ 1692e, 1692g, 1692g(a)(3)-(5), and 1692e(10)).

74.     Based on any one or more of those violations, Defendants are liable to Plaintiff and the Class for an amount of money as allowed under 15 U.S.C. § 1692k including, but not limited to, damages, costs, and reasonable attorneys' fees.

## VII.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Todd M. North demands judgment against Defendants, Asset Recovery Solutions, LLC, Steven Z. Fishbein, Tony Eshaya, Kirsten Bernheim, and John Does 1 through 10, jointly and severally, as follows:

A.      For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the Class, and appointing the attorneys of Kim Law Firm LLC, as class counsel;

B.   An award of actual damages for Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(1) to the extent the recovery of attorneys' fees and costs causes Plaintiff or the Class a negative tax consequence;

C.   For statutory damages in favor of Plaintiff and the Class pursuant to 15 U.S.C. § 1692k(a)(2);

D.   For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.   For pre-judgment and post-judgment interest; and

F.   For such other and further relief as the Court deems equitable and just.

## VIII.    JURY DEMAND

Plaintiff demands trial by jury as to all issues so triable.

## IX.    CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

*s/Yongmoon Kim*
Yongmoon Kim
*Attorneys for Plaintiff and the Proposed Class*

Dated: May 9, 2019